IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Annie Chan,<br><br>  Plaintiff,<br>  v.<br><br>Bucephalus Alternative Energy Group, LLC, et al.,<br><br>  Defendants.<br> ———————————————————— / | NO. C 08-04537 JW<br><br>**ORDER DENYING DEFENDANT BUCEPHALUS ALTERNATIVE ENERGY GROUP, LLC'S MOTION TO STRIKE; REMANDING ACTION TO STATE COURT** |

## I. INTRODUCTION

Annie Chan ("Plaintiff" or "Chan") brings this action against Bucephalus Alternative Energy Group, LLC ("BAEG") and Charles Kim ("Kim"), alleging, *inter alia*, breach of oral contract, fraud and conversion. Plaintiff alleges that Defendants have improperly kept $940,000 of Plaintiff's money after she declined to invest in BAEG.

Presently before the Court is Defendant BAEG's Motion to Strike the Amended Complaint and Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2), (5) and (6). The Court conducted a hearing on April 6, 2009. Based on the papers submitted to date and oral argument, the Court DENIES Defendant BAEG's Motion to Strike and REMANDS the case to the Superior Court for the State of California in the County of Santa Clara.

## II.  BACKGROUND

**A.    Factual Allegations**

In an Amended Complaint filed on October 3, 2008, Plaintiff alleges as follows:

Plaintiff is an individual who resides in Cupertino, California.[1]  BAEG is a limited liability company organized under the laws of the Commonwealth of Pennsylvania, with its principle place of business in New York, New York.  (Notice of Removal at 2, Docket Item No. 1.)  The sole members of BAEG are Bhavesh Singh ("Singh") and Wayne Morrison ("Morrison").  (Id.)  Charles Kim, the alleged former Managing Partner of BAEG, is an individual who resides in Long Beach, California.  (FAC ¶ 3.)

On May 19, 2008, Kim visited Chan at the office of EDU Networks in Seoul, South Korea.  (FAC ¶ 8.)  During that meeting, Kim told Chan that there was an "excellent" investment opportunity that was "almost guaranteed" ("the Proposed Investment").  (Id.)  In order to induce Chan to invest in BAEG, Kim represented that if Chan wired $1 million to a BAEG account immediately, he would speak with his partners about trying to bring her in as a preferred Class A investor, even though all of the preferred Class A shares had already been committed to another investor.  (FAC ¶ 9.)  Kim also promised Chan that she would have 60 days to conduct due diligence, and that the money would be held in trust during that time.  (Id.)  Kim further promised that if Chan decided to forego the Proposed Investment within the 60 days, her money would be returned to her upon request.  (Id.)  At this time, Kim did not provide any written materials concerning the Proposed Investment.  (Id.)

In reliance on Kim's representations, on May 20, 2008, Chan executed a power of attorney to have an employee wire $940,000 to a BAEG account.  (FAC ¶ 10.)  In fact, Kim had no intention of giving Chan 60 days to conduct due diligence, nor did he intend to return Chan's money if she decided to forego the Proposed Investment.  (Id.)  Instead, Kim

---

[1] (Plaintiff's First Amended Complaint for Breach of Oral Contract, Promissory Estoppel, Fraud, Negligent Misrepresentation and Conversion, hereafter, "FAC," Docket Item No. 6.)

intended to take Chan's money and use it to set up the Bucephalus Alternative Energy Fund. (Id.)

On May 30, 2008, Kim met with Chan's advisors, Edward Chan ("E. Chan"), Wayne Okubo ("Okubo"), and Michelle Woo ("Woo"), in Cupertino, California, to present information on the Proposed Investment. (FAC ¶ 12.) Kim reiterated, a few times during the meeting, that Chan had a 60 day due diligence period for the Proposed Investment. (Id.) Again, Kim did not provide any written materials concerning the Proposed Investment. (Id.)

On June 16, 2008, Chan decided not to invest in the Proposed Investment. (FAC ¶ 16.) Woo emailed Kim stating that Chan was not going to invest in the Proposed Investment. (Id.) Woo requested that Kim transfer the funds that were held in trust on behalf of Chan to Chan's bank account and provided the wire transfer information. (Id.) Also on June 16, 2008, Kim responded to Woo's email stating that they were not ready for withdrawal of the funds and requested an in-person meeting to discuss the Proposed Investment. (FAC ¶ 17.)

Throughout the end of June and into July, Plaintiff and her advisors sent multiple emails to Kim requesting the return of the funds. (FAC ¶¶ 18-25.) Kim responded to those requests with requests for in-person meetings and a conference call to discuss the Proposed Investment. (Id.)

On July 24, 2008, Singh emailed E. Chan and Okubo and stated that he disagreed with Chan's contention in her July 23, 2008 letter that the funds were to be held in trust on behalf of Chan. (FAC ¶ 26.) Instead, Singh stated that "this was an investment from the outset" and requested an in-person meeting. (Id.)

On August 4, 2008, Chan attended a meeting with Kim, Singh and Morrison at the Ritz Carlton in Marina Del Rey, California. At that meeting, Chan reiterated that Kim promised to give her a 60 day due diligence period to decide whether to invest in the Proposed Investment and that the money was to be held in trust by BAEG and returned if Chan decided not to invest in the Proposed Investment. (FAC ¶ 28.) Chan again requested immediate return of the money. Singh and Morrison declined to return the money. (Id.)

3

1 Morrison admitted that some of the money had been spent and that the balance was still in
2 the account, but needed for other commitments.  (Id.)
3 On the basis of the allegations outlined above, Plaintiff alleges five causes of action against
4 BAEG and Kim: (1) Breach of Oral Contract; (2) Promissory Estoppel; (3) Fraud; (4) Negligent
5 Misrepresentation; and (5) Conversion.

**B.     Procedural History**

7 On August 13, 2008, Plaintiff filed her original Complaint in the Superior Court for the State
8 of California in the County of Santa Clara ("State Court Action"), alleging the following causes of
9 action against BAEG: (1) Breach of Oral Contract; (2) Promissory Estoppel; (3) Fraud; (4)
10 Negligent Misrepresentation; and (5) Conversion.  (See Notice of Removal, Ex. B.)  On September
11 29, 2008, Defendant BAEG removed this case to federal court.  (See Notice of Removal.)  On
12 October 3, 2008, Plaintiff filed an Amended Complaint, alleging the same five causes of action, but
13 adding an additional Defendant, Charles Kim.
14 Presently before the Court is Defendant BAEG's Motion to Strike the Amended Complaint
15 and to Dismiss.

**III.  DISCUSSION**

17 Defendant BAEG moves to strike Plaintiff's Amended Complaint under 28 U.S.C. § 1447(e)
18 on the ground that Plaintiff added Defendant Kim purely to destroy diversity.  (Motion at 3.)  BAEG
19 also moves to dismiss Plaintiff's claims against BAEG on the grounds that the Court lacks personal
20 jurisdiction over BAEG, Plaintiff failed to properly serve BAEG and Plaintiff failed to allege that
21 her contract claims are viable under South Korean law.  (Motion at 7-11.)  As it may prove
22 dispositive, the Court first considers whether Plaintiff's Amended Complaint should be stricken
23 under § 1447(e).

**A.     Motion to Strike**

25 Defendant BAEG moves to strike Plaintiff's Amended Complaint on the ground that adding
26 Kim as a defendant was improper under 28 U.S.C. § 1447(e).  (Motion at 3.)  Specifically, BAEG
27 contends that Plaintiff's post-removal amendment under Federal Rule of Civil Procedure 15(a) was

4

an impermissible attempt to deprive the Court of subject matter jurisdiction by adding a California citizen as a defendant. (Motion at 3-5.)

Under Federal Rule of Civil Procedure 15(a), "a party may amend [her] pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). However, the permissive amendment under Rule 15(a) does not apply when a plaintiff amends her complaint after removal to add a diversity destroying defendant. Bakshi v. Bayer Healthcare, LLC, No. C 07-00881 CW, 2007 WL 1232049, at *2 (N.D. Cal. Apr. 26, 2007); see also Clinco v. Roberts, 41 F. Supp. 2d 1080, 1086-87 (C.D. Cal. 1999). "To apply the permissive standard of Rule 15(a) in this situation would allow a plaintiff to improperly manipulate the forum of an action." Clinco, 41 F. Supp. 2d at 1087. Instead, a court must scrutinize the plaintiff's amendment pursuant to 28 U.S.C. § 1447(e). Bakshi, 2007 WL 1232049 at *2.

Under § 1447(e), "[i]f after removal, the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to state court." Whether to permit an amendment that will destroy diversity jurisdiction remains in the sound discretion of the court. Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998); IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V., 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000). When determining whether to allow joinder under § 1447(e), a court generally considers the following five factors:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant in state court; (3) whether there has been an unexplained delay in seeking to join the new defendant; (4) whether plaintiff seeks to join the new party solely to defeat federal jurisdiction; (5) the strength of the claims against the new defendant.

IBC Aviation., 125 F. Supp. 2d at 1011; Boon v. Allstate Ins. Co., 229 F. Supp. 2d 1016, 1020 (C.D. Cal. 2002) (citing Clinco, 41 F. Supp. 2d at 1082)).

**1.    Whether Kim Would be Joined Under Rule 19(a)**

A proper party for joinder under Rule 19(a) is one "having an interest in the controversy, and who ought to be made a party, in order that the court may act on that rule

5

which requires it to decide and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it." IBC Aviation, 125 F. Supp. 2d at 1011 (citing CP Nat'l. Corp. v. Bonneville Power Admin., 928 F.2d 905, 912 (9th Cir. 1991)). "Although courts consider whether a party would meet [the Rule 19] standard for a necessary party, amendment under [28 U.S.C.] § 1447(e) is a less restrictive standard than for joinder under [Rule 19]." IBC Aviation, 125 F. Supp. 2d at 1011-12. "Congress gave the courts broad discretion to allow joinder, even though remand may result. Such discretion is inconsistent with the more restrictive approach under Rule 19." Righetti v. Shell Oil Co., 711 F. Supp. 531, 535 (N.D. Cal. 1989). Thus, courts have held that the first factor favors joinder and remand "when failure to join will lead to separate and redundant actions," but not when "defendants are only tangentially related to the cause of action or would not prevent complete relief." Boon, 229 F. Supp. 2d at 1022.

In IBC Aviation v. Compania Mexicana De Aviacion, the court found that a diversity-destroying amendment to the complaint was proper because the newly added defendant, the vice president of one of the corporate defendants, was the principle person responsible for the acts underlying the plaintiff's claim against the corporate defendants. 125 F. Supp. 2d at 1012. The court reasoned that "[d]isallowing the amendment would hinder [plaintiff] from asserting its rights against the employee directly involved in the alleged breach . . . and related causes of action." Id.

Here, Plaintiff alleges in relevant part:

> Kim, acting on behalf of BAEG, told Chan that there was an "excellent" investment opportunity that was "almost guaranteed." (FAC ¶ 30.) Kim claimed that BAEG had been in existence for some time and had been successful. (Id.) Kim promised Chan that if she immediately wired $1 million to a BAEG account, Kim would try to get her preferred Class A shares in BAEG. (FAC ¶ 31.) Kim further promised that the money would be returned to Chan if she decided not to invest in the Proposed Investment within the 60 day due diligence period. (Id.) Chan orally accepted Kim's offer and caused $940,000 to be wired to a BAEG account to be held in trust by BAEG during the 60 day due diligence period. (FAC ¶ 32.)

6

1 The Complaint clearly identifies that Kim, as BAEG's Managing Partner, actively solicited 2 Plaintiff's participation in the Proposed Investment and made repeated promises that Plaintiff's 3 funds would be returned on request.  As in IBC Aviation, Kim was the principle participant acting 4 on behalf of BAEG.  See IBC Aviation, 125 F. Supp. 2d at 1012.  Kim's conduct is the primary basis 5 for each of Plaintiff's causes of action, and, with respect to at least Plaintiff's tort claims, Kim could 6 be jointly and severally liable with BAEG.  See, e.g., Frances T. v. Village Green Owners Ass'n, 42 7 Cal. 3d 490, 503-04 (1986).  Thus, the Court finds that Kim's actions bear much more than a 8 tangential relationship to several of Plaintiff's causes of action.  Accordingly, the Court finds that 9 the first factor favors allowing Plaintiff's amendment.

### 2. Statute of Limitations

11 Plaintiff has not specifically addressed whether the statue of limitations, or any other legal 12 requirement precludes her from asserting her claims against Kim in a separate state-court action. 13 The parties dispute whether California or South Korean law applies to Plaintiff's claims.  The Court 14 finds that it does not have sufficient information to make a determination regarding choice of law at 15 this time.  However, in California, the statute of limitations for a breach of an oral contract that is not 16 for the sale of goods is two years from the date upon which the cause of action accrued.  See 17 Filmservice Lab., Inc. v. Harvey Bernhard Enter., Inc., 256 Cal. Rptr. 735, 739 (Cal. App. 1989). 18 The statute of limitations for actions sounding in fraud is three years.  Cal. Code Civ. Proc. § 338. 19 Since the alleged oral contract and fraudulent statements took place on May 19, 2008, Plaintiff's 20 claims against Kim would not be barred by the statute of limitations under California law.  (See FAC 21 ¶ 8.)  Accordingly, the Court finds that the second factor favors allowing Plaintiff's amendment.

### 3. Timeliness of the Amendment

23 When determining whether to allow an amendment to add a nondiverse party, courts 24 consider whether the amendment was attempted in a timely fashion.  Clinco, 41 F. Supp. 2d at 1083 25 (citing Lopez v. General Motors Corp., 697 F.2d 1328, 1332 (9th Cir.1983)).  In Clinco, the court 26 held that an amendment occurring approximately six weeks after the filing of the original complaint 27 was timely.  Id.

7

Here, Plaintiff filed her Complaint in state court on August 13, 2008. (See Notice of Removal at 1.) BAEG removed the case on September 29, 2008. (See id.) Plaintiff filed her Amended Complaint on October 3, 2008. (See Docket Item No. 6.) Plaintiff contends that the delay was due to the fact that "BAEG first asserted that Kim was not a partner of BAEG on September 29, 2008" and so she filed an Amended Complaint four days later.[2] Plaintiff represents that "it was not until BAEG removed the State Court Action that she had any information that Kim was not a member of BAEG." (Id. at 4-5.) Instead, according to Plaintiff, "[o]nce it became apparent that BAEG had disavowed Kim, she amended the Complaint to name Kim as a defendant." (Id.) Thus, the Court finds that Plaintiff's amendment was timely, as she filed her Amended Complaint only four days after discovering that Kim was not member of BAEG, as she had previously believed. Accordingly, the Court finds that the third factor favors allowing Plaintiff's amendment.

### 4. Motive for Joinder

"[T]he motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." Clinco, 41 F. Supp. 2d at 1083 (quoting Desert Empire Bank v. Ins. Co. of N. America, 623 F.2d 1371, 1376 (9th Cir. 1980)). Therefore, "a trial court should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." Id.

Plaintiff contends, as discussed above, that she amended her Complaint only after discovering that Kim was no longer associated with BAEG. (Opposition at 7.) According to Plaintiff, her amendment was not to destroy diversity jurisdiction, but to ensure that Plaintiff had all potentially liable parties before the Court.[3] Upon reading Singh's Declaration in Support of the

---

[2] (Annie Chan's Memorandum of Points and Authorities in Opposition to Bucephalus Alternative Energy Group LLC's Motion to Strike Amended Complaint/Motion to Dismiss at 7, hereafter, "Opposition," Docket Item No. 25.)

[3] (Declaration of Caroline McIntyre in Support of Plaintiff Annie Chan's Opposition to Bucephalus Alternative Energy Group LLC's Motion to Strike Amended Complaint ¶¶ 8-9, Docket Item No. 25.)

8

1  Notice of Removal, Plaintiff first learned that Kim was not a member of BAEG, and amended her
2  complaint to include Kim as a defendant.  (Id.)  Thus, although Plaintiff could have included Kim as
3  a defendant in her original complaint, the Court is persuaded that Plaintiff genuinely did not
4  recognize the importance of doing so until after BAEG represented that Kim was not in fact a
5  member of BAEG.  Accordingly, the Court finds the fourth factor favors allowing Plaintiff's
6  amendment.

### 5. Strength of the Claims

Under the § 1447(e) analysis, courts consider whether the claims against the new party sought to be added seem meritorious.  See, e.g., Clinco, 41 F. Supp. 2d at 1083; Goodman v. Travelers Ins. Co., 561 F. Supp. 1111, 1113-14 (N.D. Cal. 1983).

Although the parties dispute whether California or South Korean law applies to Plaintiff's claims, the Court finds that Plaintiff has, at a minimum, adequately alleged her claims under California law.  Thus, Plaintiff's claims against Kim are potentially valid.  Accordingly, the fifth factor weighs in favor of allowing Plaintiff's amendment.

On balance, the § 1447(e) factors favor allowing Plaintiff to proceed under her Amended Complaint despite adding Kim, a defendant who destroys diversity.  Accordingly, the Court DENIES Defendant BAEG's Motion to Strike the Amended Complaint.

### B. Remand

If, prior to final judgment, the district court discovers it lacks subject matter jurisdiction, it must remand the case.  28 U.S.C. § 1447(c).  Removal statutes are construed restrictively.  Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988).  Doubts as to removability are resolved in favor of remanding the case to state court.  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In light of the Court's finding that Plaintiff's Amended Complaint was proper under § 1447(e), the Court no longer has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.  Accordingly, the Court REMANDS this action to the Superior Court for the State of California in the County of Santa Clara.

## IV. CONCLUSION

The Court DENIES Defendant BAEG's Motion to Strike the Amended Complaint. The Court REMANDS the case to state court. The Clerk of Court shall immediately remand this case to the Superior Court of California for the County of Santa Clara. The Court DENIES Defendant's Motion to Dismiss without prejudice to be renewed in the state court.

Each party shall bear their own fees and costs. The Clerk shall close this file.

Dated: April 24, 2009

JAMES WARE
United States District Judge

10

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Caroline McIntyre cmcintyre@be-law.com
Daniel J. Bergeson dbergeson@be-law.com
Julia Chung jchung@be-law.com
Michael Alan Weismantel maw@mmker.com
Patrick L. Hurley plh@mmker.com

**Dated:  April 24, 2009**                              **Richard W. Wieking, Clerk**

                                                        **By:      /s/ JW Chambers**
                                                               **Elizabeth Garcia**
                                                               **Courtroom Deputy**

**United States District Court**
For the Northern District of California